UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JONATHAN J. RODRIGUEZ ARAGONES,
    Plaintiff,

v.      C.A. No. 19-055WES

MICHAEL R. POMPEO, SECRETARY, DEPARTMENT OF STATE, AGENCY,
    Defendant.

**MEMORANDUM AND ORDER
DENYING MOTION FOR COUNSEL**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

On February 5, 2019, Plaintiff Jonathan J. Rodriguez Aragones filed a *pro se* complaint against Defendant, Michael R. Pompeo, Secretary, Department of State, Agency. ECF No. 1. Along with his complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP") and a motion for appointment of counsel. ECF Nos. 2, 3. Accepting as true Plaintiff's IFP representations under oath that he is homeless, earned only $82 in January and owns nothing, including no real estate and no vehicles, except for a *de minimis* sum in two bank accounts, the Court granted Plaintiff's IFP motion. Still pending is his motion for appointment of counsel, which has been referred to me for determination.

There is no constitutional right to free counsel in a civil case. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991); see Maroni v. Pemi-Baker Reg'l Sch. Dist., 346 F.3d 247, 257 (1st Cir. 2003); King v. Greenblatt, 149 F.3d 9, 14 (1st Cir. 1998); Barkmeyer v. Wall, C.A. No. 09-430S, 2009 WL 3046326, at *1 (D.R.I. Sept. 22, 2009). Further, there is no funding mechanism for appointed counsel in civil cases; therefore, the matter is subject to the district court's broad discretion, to be exercised in light of the difficulties in rationing the precious resource of

volunteer lawyer services. Sai v. Transp. Sec. Admin., 843 F.3d 33, 35 (1st Cir. 2016). "To qualify for this scarce resource, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights." Choksi v. Trivedi, 248 F. Supp. 3d 324, 328 (D. Mass. 2017) (citing DesRosiers, 949 F.2d at 23); see Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986) ("an indigent litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel"). To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, "a court must examine the total situation, focusing, *inter alia*, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." DesRosiers, 949 F.2d at 24. Just because a plaintiff alleges sufficient facts to state a claim in the complaint does not in and of itself require the appointment of counsel. Cookish, 787 F.2d at 2-3; Childs v. Duckworth, 705 F.2d 915, 922 (7th Cir. 1983).

At this stage, the situation of the case compels the conclusion that it is far from presenting exceptional circumstances that would justify the appointment of counsel. For starters, it appears to have been brought in the wrong venue. The only link to the District of Rhode Island is Plaintiff's allegation that the "events . . . occurred while the Plaintiff lived in Providence, Rhode Island," ECF No. 1 at 3, yet the pleading's detailed exposition of the facts never mentions Rhode Island. See 28 U.S.C. § 1391(b); 42 U.S.C. § 2000e-5(f)(3). The Court ultimately determined that, in light of the complexity of Plaintiff's allegations and his pleading of continuous residence in Rhode Island, the truth of which is assumed, improper venue alone was insufficient for dismissal without prejudice before Defendant was served pursuant to 28 U.S.C. § 1915.[1] This deficiency required careful scrutiny of Plaintiff's filing and was a reason why there

---

[1] The Third Circuit had held that venue alone is never enough to dismiss at screening. Fiorani v. Chrysler Grp., 510 F. App'x 109, at *2-3 (3d Cir. 2013) (courts generally should not dismiss *in forma pauperis* complaints at screening

2

was a substantial delay before the IFP motion was granted. It remains a reason why this case may not survive long in this District. Second, Plaintiff's complaint is coherent suggesting that, at least at this stage, he is well able to represent himself. Nor does his motion suggest any other unusual circumstances that would warrant the appointment of a *pro bono* attorney.[2]

Without extraordinary circumstances to justify an appointment from the Court's *pro bono* panel at this early stage of the proceedings and with the open issue of venue to be resolved, Plaintiff's motion for appointment of counsel (ECF No. 3) is denied without prejudice to being made again if circumstances change.

So ordered.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
March 15, 2019

---

for improper venue only). Other courts disagree. See, e.g., Lea v. Warren Cty., No. 16-5329, 2017 WL 4216584, at *2 (6th Cir. May 4, 2017) (after leave to amend, no error in dismissal for improper venue); Johnson v. Christopher, 233 F. App'x 852, at *1-2 (10th Cir. 2007) (§ 1915(e) permits *sua sponte* dismissal based on improper venue); Perrin v. TRW Info. Servs., 990 F.2d 1259, at *1 (9th Cir. 1993) (table decision) (as long as dismissal is without prejudice, no error in pre-service dismissal); Cox v. Rushie, C.A. No. 13-11308 PBS, 2013 WL 3197655, at *4 (D. Mass. June 8, 2013) (complaint dismissed at screening based on improper venue).

[2] To the contrary, the motion relies only on the inaccurate representation that "[t]he court has already approved the plaintiff's application to file the matter in forma pauperis." ECF No. 3. Mindful of the leniency due to *pro se* filings, Erickson v. Pardus, 551 U.S. 89, 94 (2007), the Court assumes this was an error and not a false representation.